JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE JOHNSON, <br><br> PLAINTIFF(S) <br> v. <br> DONALD J. TRUMP and JEFFREY E. EPSTEIN, <br><br> DEFENDANT(S) | CASE NUMBER <br> ED CV 16-797-DMG (KSx) <br><br> ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____   _____
Date                      United States Magistrate Judge

---

IT IS RECOMMENDED that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency          ☐ District Court lacks jurisdiction
☐ Legally and/or factually patently frivolous   ☐ Immunity as to _____
☒ Other: *Fails to state a civil rights claim against defendants under 18 U.S.C. §2241 or 42 USC §1985.*

Comments: *See attached memorandum*

April 29, 2016                             /s/ Karen L. Stevenson
Date                                       United States Magistrate Judge

---

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED                                            ☒ DISMISSED.
☒ DENIED (see comments above). IT IS FURTHER ORDERED that this case is hereby:   ☐ REMANDED.

May 2, 2016                                /s/ Dolly M. Gee
Date                                       United States District Judge

---

CV-73 (03/16)            ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

## ATTACHMENT TO DENIAL OF IFP APPLICATION FOR

## KATIE JOHNSON, ED CV 16-797-DMG (KSx)

In the Complaint, Plaintiff Katie Johnson ("Plaintiff") alleges that defendants Donald J. Trump and Jeffrey E. Epstein (together, "Defendants") violated her civil rights through sexual and physical abuse and conspired to deprive her of her civil rights. (Complaint at 2.) Plaintiff seeks $100,000,000 in compensatory damages. (*Id.* at 6.) Plaintiff utilized the form provided by the Central District of California for civil actions and asserts that her action is brought pursuant to 18 U.S.C. § 2241 (aggravated sexual abuse) and 42 US.C. § 1985 (conspiracy to interfere with civil rights). Plaintiff has failed to state a claim for relief under either statute.

First, 18 U.S.C. § 2241(C) is a criminal statute that provides for the prosecution of persons who cross a State line with the intent to engage in a sexual act with a minor. Specifically, the statute provides that a person who knowingly engages in a sexual act under circumstances described in sections (a) and (b) of the statute, with a person between the ages of 12 years and 16 years may be "fined under this title and imprisoned for not less than 30 years or for life." 18 U.S.C. § 2241 (c). Nothing in the statute provides for a private right of action for civil damages such as Plaintiff seeks here.

Second, 42 U.S.C. § 1985 proscribes certain types of conspiracies to interfere with civil rights. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Clause (1) of the statute prohibits conduct that prevents federal officers from performing their duties, while clause (2) addresses obstructing justice; intimidating a party, witness or juror. 42 U.S.C. § 1985 (1)(2); *see also Portman v. Cty of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (second clause of § 1985 creates a federal cause of action for conspiracies to obstruct access to state or territorial courts). Here, because Plaintiff does not assert any federal interest or involvement with the alleged conspiracy, the Court must conclude that her § 1985 claims is based upon clause (3), which prohibits conspiracies to deprive a person or

class of persons of equal protection of the law, or equal privileges and immunities under the laws, including, for example, exercising the right to vote.

"42 U.S. C. § 1985(3) – the Ku Klux Klan Act of 1987 – was enacted by the Reconstruction Congress to protect individuals–primarily blacks–from conspiracies to deprive them of their legally protected rights." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). To state a claim under section 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act by one of the conspirators in furtherance of the conspiracy; and (4) a personal injury, property damages, or a deprivation of any right or privilege of a citizen of the United States. *Id.* The Supreme Court has emphasized that § 1985 (3) is not to be interpreted as a general federal tort law, but, as under § 1981, a plaintiff must prove as an element of the cause of action "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993) (*quoting Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) ("To bring a cause of action successfully under § 1985 (3), a plaintiff must demonstrate a deprivation of a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.' Particularly relevant here, the plaintiff must be a member of the class discriminated against." (citation omitted)).

Here, even construing the *pro se* pleading liberally, Plaintiff has not alleged any race-based or class-based animus against her and, consequently, her section 1985 allegations fail to state a claim upon which relief may be granted.

Accordingly, IFP status should be denied.